UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS CHANDLER, | ) | CASE NO. 4:10 CV 591 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| DR. M. ESCOBAR, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Marcus Chandler filed this action under 42 U.S.C. § 1983 against Ohio State Penitentiary ("OSP") Physician M. Escobar, OSP Health Care Administrator Ms. Y Thornton, and Deputy Warden of Special Services Mrs. B. McDonough. In the Complaint, plaintiff alleges he is being denied medical care. He seeks monetary and injunctive relief.

**Background**

Mr. Chandler claims that he is being denied proper treatment for a back injury. He states that an MRI taken of his lower back on December 30, 2009 revealed degeneration of the L-4 and L-5 discs with disc bulging and facet joint arthropathy. He contends Dr. Escobar refuses to send him to a spinal specialist. He filed grievances with the Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector. The Assistant Chief Inspector who reviewed his case instructed OSP's Health Care Administrator to review his file and schedule him to see a specialist. Mr. Chandler claims this has not happened. He alleges he was given five pain pills to last for thirty days. When

Mr. Chandler asked for additional medication, he was told to purchase it through the prison commissary. He sent an informal complaint to Ms. Thornton and claims she told him she would defer to the physician on treatment decisions. He also sent an informal complaint to Ms. McDonough. He alleges she told him to contact Ms. Thornton. Mr. Chandler claims he sent a second informal complaint to Ms. McDonough and received assurances that she would speak to Dr. Escobar.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). For the reasons stated below, the claims against Ms. McDonough are dismissed pursuant to § 1915(e).

The only allegations against Ms. McDonough concern her responses to grievances submitted by Mr. Chandler. Responding to a grievance or otherwise participating in the grievance process is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The denial of the grievance is not the same as the denial of a request to receive medical care. Mr. Chandler has not

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), overruled, in part, on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

alleged facts to suggest Ms. McDonough was deliberately indifferent to his serious medical needs.

## Conclusion

For all the foregoing reasons, plaintiff's claims against Ms. McDonough are dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely on Plaintiff's claims against Dr. Escobar and Ms. Thornton. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

**IT IS SO ORDERED**.

Dated: July 19, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.