PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Marcus Chandler, | ) CASE NO.  4:10-CV-00591 |
| Plaintiff, | ) |
| v. | ) JUDGE LIOI |
| | ) MAGISTRATE JUDGE PEARSON |
| Dr. M. Escobar, *et al.*, | ) |
| Defendants. | ) **REPORT AND RECOMMENDATION** |

This matter is before the Court on a Motion for a Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Marcus Chandler ("Chandler").[1] ECF No. 7.  For the reasons that follow, the Court recommends that Chandler's motion for a temporary restraining order and preliminary injunction be DENIED.

## I. Background

On March 3, 2010, Chandler, who is a prisoner currently incarcerated at the Ohio State Penitentiary ("OSP"), filed this action *pro se* under 42 U.S.C. § 1983 alleging "deliberate indifference" to his medical needs and cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 1.  Chandler contends that on December 30, 2009, an MRI of his lower back showed degeneration of discs L-4 and L-5. ECF No. 1.  Chandler further contends that the

---

[1] District Judge Lioi referred this matter to the undersigned Magistrate Judge for the preparation of a Report & Recommendation.  ECF No. 8.

Chief Medical Officer, Dr. M. Escobar, and Health Care Administrator ("HCA"), Y. Thornton, have denied Chandler "adequate medical care" by not sending him to a "spinal specialist" and for prescribing only five pain pills "to last for thirty days." ECF Nos. 1.

On August 9, 2010, Chandler filed a Motion seeking a temporary restraining order and preliminary injunction. ECF No. 7. For relief, Chandler is seeking an order requiring Defendants to take Chandler to a "suitable doctor" and carry out that "doctor's orders." ECF No. 7 at 2.

On August 16, 2010, Defendants' filed a Memorandum in Opposition to Chandler's Motion for a temporary restraining order and preliminary injunction retorting that Chandler has neither alleged facts, nor submitted evidence, warranting an immediate injunction in this matter.[2] ECF No. 11.

On August 17, 2010, the Court conducted a telephone conference in regard to Chandler's motions. Present were Attorney Ashley Rutherford as counsel for Defendants and *pro se* Plaintiff Marcus Chandler. Having had the benefit of hearing both parties summarize their position, the Court finds and recommends as follows.

## II. Analysis

### A. *Pro se* Pleadings

A liberal standard should be applied to *pro se* pleadings. Figel v. Overton, 121

---

[2] Upon the filing of Defendants' Opposition to Plaintiff Chandler's Motion for a Temporary Restraining order and Preliminary Injunction (ECF No. 11), the docket did not reflect that service had been executed. The docket now, however, indicates that service has been perfected by certified mail on August 5, 2010. ECF No. 12.

Fed.Appx. 642, 645 (6th Cir. 2005) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction . . . ." *Ashiegbu v. Purviance,* 74 F.Supp.2d 740, 746 (S.D. Ohio 1998). The Court applies these standards to Chandler's motion.

### B. Motion for Temporary Restraining Order and Preliminary Injunction

The standard governing issuance of a preliminary injunction is the same as that for a temporary restraining order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 357 (6th Cir. 2008). A court should only grant a preliminary injunction and/or a temporary restraining order if the movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). A court balances the following factors in determining whether to issue a temporary restraining order and/or preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury in the absence of issuing an injunction; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four factors are not prerequisites, but rather "interconnected considerations that must be balanced together" when determining whether to grant a temporary restraining order or preliminary injunction. *Coal. Cent. & Exec. Comm., et al. v. Blackwell et al.*, 388 F.3d 547, 550 (6th Cir. 2004) (*citing Mich. Coal. Of Radioactive*

-3-

*Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

**1. Substantial Likelihood of Success on the Merits**

It is well settled that the conditions under which a prison inmate is confined and the treatment he receives during incarceration are subject to Eighth Amendment scrutiny. *Bowman v. Correction Corp. Of Am.*, 350 F.3d 537, 551 (6th Cir. 2003) (*citing Helling v. McKinney*, 509 U.S. 25, 25 (1993)). The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety [and health] of prisoners." *Hamilton v. Eleby*, 341 Fed.Appx. 168, 171 (6th Cir. 2009) (*citing Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994)).

A prison official violates the Eighth Amendment when the following two requirements are met: (1) the alleged deprivation must be "sufficiently serious;" and (2) the prison official's state of mind is one of "deliberate indifference" to the inmate's health or safety. *Leary v. Livingston County*, 528 F.3d 438, 438 (6th Cir. 2008) (*citing Farmer*, 511 U.S. at 834).

In the instant matter, Chandler alleges that he is being deprived or "denied care." This deprivation, he worries, is sufficiently serious because it may result in his inability to "run, jump . . . or bend at the waist." ECF No. 7. In response, Defendants point out that Chandler has been and continues to receive medical treatment for his back ailment. The record reflects that Chandler has (1) been examined by at least two doctors – Dr. Escobar, the penitentiary's chief medical officer, and Dr. Miller, a neurosurgeon; (2) been provided multiple dosages of pain medication on at least two occasions; (3) undergone an MRI of his lower back; and, in response to the recommendation by the neurosurgeon; and (4) been seen by a physical therapist as recently

as July 28, 2010.[3] ECF Nos. 1 & 7.

While Chandler does not deny that he has received the medical treatment described above, he does object to the timeliness and appropriateness of the treatment. ECF No. 11. He acknowledged his examination by the neurosurgeon, but complains that he had waited from December 8, 2009 until June 14, 2010 for the visual assessment. According to Chandler, the neurosurgeon prescribed "pain clinic visits, spinal injections, and physical therapy," as a result of her examination. During the telephonic hearing, Chandler informed the Court that he had undergone physical therapy on July 28, 2010. The medical attention provided to Chandler undercuts the "alleged deprivation" referenced in the first prong of the *Leary* requirements.

While acknowledging the myriad treatment received, Chandler maintains that denial of an opportunity to be seen by a spinal specialist is "an example of unconstitutional deliberate indifference to prisoners['] medical needs," warned against in the second prong of the *Leary* test. ECF No. 7 at 3. Defendants aptly respond that treatment plan or "*adequacy* of treatment [does not] constitute deliberate indifference." ECF No. 11 at 5. Indeed, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims

---

[3] On December 8, 2009, Dr. Escobar prescribed Chandler "one cycle of [Prednisone]." ECF No. 7-1 at 1. On December 22, 2009, Dr. Escobar prescribed Chandler five pain pills. ECF No. 7-1 at 1. On April 21, 2010, Chandler was given "a shot and six pain pills." ECF No. 7-1 at 2. On July 28, 2010, Chandler had undergone physical therapy. *See* non-document minutes for the telephone conference held on August 17, 2010, which was recorded using the Court's electronic recording system.

-5-

which sound in state tort law." See *Brock v. Crall*, 8 Fed.Appx. 439, 441 (6th Cir. 2001) (*citing Westlake v. Lucus*, 537, F.2d 857, 860 n.5 (6th Cir. 1976)). Neither Chandler's dissatisfaction with the quantity or dosage of prescribed pain pills; timeliness or frequency of examinations; nor the delay or denial of a referral amounts to "deliberate indifference" to his health. Contrary to Chandler's averments, the record of his medical treatment reflects that Defendants are attentive, rather than indifferent, to Chandler's back ailment.

### 2. Irreparable Injury

To be granted injunctive relief, a "plaintiff must demonstrate, by clear and convincing evidence, actual irreparable harm or the existence of an actual threat of such injury." *Patio Enclosures, Inc. v. Herbst*, 39 Fed.Appx. 964, 969 (6th Cir. 2002); *see also Bates v. 84 Lumber Co.*, 205 Fed.Appx. 317, 324 (6th Cir. 2006). Chandler's alleged harm is irreparable if he "will suffer 'actual imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Chandler contends that he is "*threatened* with irreparable harm because of the nature of his injury" may result in his inability to "run, jump . . . or bend and the waist." ECF No. 7 at 2 (emphasis added).

In evaluating Chandler's pleadings and representations made during the hearing, the undersigned finds it significant, that there is no dispute that Chandler is being provided medical treatment. Chandler's alleged "threat" of irreparable harm while receiving medical treatment is too speculative to satisfy the standard of clear and convincing evidence, and thus does not compel granting injunctive relief. *Lowe v. Vadlamudi*, 2009 WL 736798 at *11 (E.D. Mich. 2009) (*citing Abney*, 443 F.3d at 552) ("The Sixth Circuit has held that, because 'there is no

guarantee that the plaintiff's condition will improve or at least deteriorate at [a] slower rate' with an injunction, the plaintiffs failed to establish irreparable harm.").

### 3. Substantial Risk of Harm to Others

The universe of persons involved in the dispute underlying Chandler's motion for a temporary restraining order and preliminary injunction is limited to Mr. Chandler and the two defendants.[4] Based upon this limited exposure, the factor of substantial risk of harm to others does not weigh in favor of denial or issuance of a temporary restraining order or preliminary injunction.

### 4. Public Interest

The Sixth Circuit has found that "it is always in the public interest to prevent violation of a party's constitutional rights." *Warshak v. U.S.*, 490 F.3d 455, 480 (6th Cir. 2007) (*citing Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir. 2001)). The fair resolution of Chandler's claim of a violation of the Eighth Amendment is in the interest of the public.

### III. Conclusion

Of the four factors to be considered, only three strongly bode in favor of or against granting the relief sought. The third factor – substantial risk of harm to others – is neutral. Balancing the remaining factors, that is, weighing the likelihood that Chandler would not succeed on the merits nor suffer irreparable harm against the public interest factor, the Court

---

[4] Plaintiff's claims against "Mrs. B. McDonough" were dismissed pursuant to 28 U.S.C. § 1915(e). ECF No. 5. The Court found that the action shall proceed on Plaintiff's claims against Dr. Escobar and Ms. Thornton. ECF No. 5.

recommends that Marcus Chandler's motion for a temporary restraining order and preliminary injunction be DENIED.

| | |
|---|---|
| August 20, 2010 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |

## **OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981); *see also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).