PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS CHANDLER | CASE NO. 4:10-CV-00591 |
| Plaintiff, | JUDGE SARA LIOI |
| v. | MAGISTRATE JUDGE BENITA Y. PEARSON |
| DR. M. ESCOBAR, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** (Resolving ECF Nos. 19 and 21) |

Before the Court is Plaintiff Marcus Chandler's Motions Requesting an Order for Physical Examination and for the appointment of counsel. ECF Nos. 19 and 21. Although not captioned as motions for reconsideration, both motions repeat requests made in earlier pleadings and denied by the Court without posing new facts or law for reconsideration. ECF No. 16 (denying Chandler's motion for appointment of counsel) and ECF No. 13 (Report and Recommendation, Adopted, recommending denial or request for further medical treatment). For the reasons set forth below, Plaintiff's motions are denied.

**I. Background**

Chandler is a prisoner currently incarcerated at the Ohio State Penitentiary ("OSP"). ECF No. 1. On March 3, 2010, Chandler filed this action *pro se* under 42 U.S.C. § 1983 alleging "deliberate indifference" to his medical needs and cruel and unusual punishment in violation of

4:10–CV–00591

the Eighth Amendment. ECF No. 1. Chandler contends that on December 30, 2009, an MRI of his lower back showed degeneration of discs L-4 and L-5. ECF No. 1. Chandler further contends that the Chief Medical Officer, Dr. M. Escobar, and Health Care Administrator ("HCA"), Y. Thornton, have denied Chandler "adequate medical care" by not sending him to a "spinal specialist" and for prescribing only five pain pills "to last for thirty days."[1] ECF Nos. 1. On September 23, 2010, Chandler filed a Motion requesting that the Court order a physical examination to reveal the seriousness of his medical needs. ECF No. 19.

On August 30, 2010, Chandler moved the court for the appointment of counsel. ECF No. 15. Finding that Chandler's case was not of "exceptional circumstances" requiring appointed counsel and that Chandler had been adequately representing himself thus far, the Court denied his motion. ECF No. 16. The pending motion for the appointment of counsel is duplicative of the first.

On October 8, 2010, Defendants' filed a Memorandum in Opposition to Chandler's Motion requesting that the Court order a physical examination. ECF No. 23. Defendants' reply contends that Chandler's motion is outside the scope of Federal Rule of Civil Procedure 35(a) and procedurally fails to "demonstrate good cause for an examination." ECF No. 23 at 2.

## II. Analysis

A. *Pro se* Pleadings

A liberal standard should be applied to *pro se* complaints. Figel v. Overton, 121

---

[1] Plaintiff's claims against Ms. McDonough are dismissed pursuant to 28 U.S.C. § 1915(e). ECF No. 5. Moreover, the Court found that the action shall proceed on Plaintiff's claims against Dr. Escobar and Ms. Thornton. ECF No. 5.

4:10–CV–00591

Fed.Appx. 642, 645 (6th Cir. 2005) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction . . . ." *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998). The Court applies these standards to Chandler's motions.

### B. Motion Requesting Order for Physical Examination

Federal Rule of Civil Procedure 35(a) provides:

(1) In General. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) Motion and Notice; Contents of the Order. The order:

> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35.

The Supreme Court has held that the "in controversy" and "good cause" requirements are "not met by mere conclusory allegations of the pleadings, nor by mere relevance to the case, but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for order each [] examination." *Schoagenhauf v. Holder*, 379 U.S. 104, 119 (1964). The "in controversy"

4:10–CV–00591

requirement can be met "through an evidentiary showing or simply from review of the pleadings." *Young v. City of Cambridge*, 2010 WL 546361 *2 (S.D. Ohio 2010) (citing *Schoagenhauf*, 379 U.S. at 119). The party seeking the examination will satisfy the "good cause" requirement "by showing that the requested information cannot be obtained by other means." *Young*, 2010 WL 546361 at *2 (citing *Schoagenhauf*, 379 U.S. at 118).

The Rule's requirements of "in controversy" and "good cause" does not mean that the plaintiff must prove his case on the merits, nor does it mean that an evidentiary hearing is required. *Id*. The Rule, does mean, however, that the plaintiff "must produce sufficient information sufficient information" allowing the court to "fulfill its functions mandated by the Rule."[2] *Id*. at 118, 120.

Procedurally, the Rule "affords an opposing party the opportunity to conduct an examination of a plaintiff. The rule does not address a plaintiff's efforts to support his own case through expert testimony." *Hill v. DesMarais*, 2010 WL 2925126 *2 (S.D. Ohio 2010); *see also* *Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (explaining the rule "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself"). Chandler's Motion is a request that the Court order a physical examination on himself. ECF No. 19. As Defendants correctly point out, Chandler's request for a physical examination pursuant to Rule 35(a) is inappropriate and the request, itself, is without good cause. ECF No. 23

In addition to the motion requesting an order for physical examination vesting outside the

---

[2] "There are situations where the pleadings alone are sufficient to meet the 'in controversy' and 'good cause' requirements of Fed. R. Civ. P. 35." *Schoagenhauf*, 379 U.S. at 119.

4:10–CV–00591

Courts authority, Chandler's assertions are not sufficient to satisfy the "good cause" standard. A second physical examination is permitted under certain circumstances provided that the "court should require a stronger showing of necessity before it will order such repeated examination." *Vopelak v. Williams*, 42 F.R.D. 387, 387 (N.D. Ohio 1967). Several district courts have refused a second examination generally because "there ha[s] been no showing of a change in the situation." *Vopelak*, 42 F.R.D. at 389. In prior pleadings, Chandler admitted that he has received an MRI, pain medication, and a medical evaluation by Dr. Escobar and Dr. Miller, a neurosurgeon. ECF Nos. 1 & 7. In the instant matter, Chandler made the same arguments that the Court previously held do not amount to deliberate indifference of his health. ECF No. 17. Chandler's mere conclusory allegations fail to produce sufficient information allowing the court to "delineate the conditions and scope of the examinations." ECF No. 8; *Schoagenhauf*, 379 U.S. at 121. Chandler, by neglecting to plead facts illustrating a change in the situation, failed to show "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."[3] *Schoagenhauf*, 379 U.S. at 118-19.

### C. Second Motion for the Appointment of Counsel

Chandler's second motion for the appointment of counsel does not present new legal

---

[3] "[The] District court was not required, in state prisoner's § 1983 action against prison employees, alleging Eighth Amendment violations . . . to order that prisoner undergo physical exam to determine [the] extent of his burns, absent a showing by prisoner that each condition as to which examination was sought was really and genuinely in controversy and that good cause existed for ordering each particular examination." *Whaley v. Erickson*, 339 Fed.Appx. 619, 623 (7th Cir. 2009).

4:10–CV–00591

arguments or factual bases for his duplicative request. In fact, as articulated in its ruling on Chandler's first motion for the appointment of counsel, "Chandler has been articulate and prompt in his pleadings and communications with the Court thus far." ECF No. 16. It remains that Chandler does not present the "exceptional circumstances" dictating the appointment of counsel. For the reasons specified in its earlier ruling, having found that no new law or facts mandate that the Court employ its discretion differently, Chandlers second motion for the appointment of counsel is denied.

### III. Conclusion

For the foregoing reasons, the Court denies Marcus Chandler's Motion Requesting an Order for Physical Examination, ECF No. 19, and Motion for the Appointment of Counsel, ECF No. 21.

IT IS SO ORDERED.

| | |
|---|---|
| October 21, 2010 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |